# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DOLLY RUTH WATTS,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Case No. CV 17-07736-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

## PROCEEDINGS

On October 23, 2017, Dolly Ruth Watts ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income benefits. The Commissioner filed an Answer on February 6, 2018. On June 25, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 49 year-old female who applied for Supplemental Social Security Income benefits on July 17, 2013, alleging disability beginning March 5, 2013. (AR 21.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 17, 2013, the application date. (AR 23.)

Plaintiff's claim was denied initially on November 8, 2013, and on reconsideration on February 19, 2014. (AR 21.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Paula Fow on May 10, 2016, in Palmdale, California. (AR 21.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") Victoria Rei also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on September 1, 2016. (AR 21-32.) The Appeals Council denied review on September 19, 2017. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether new and material evidence presented to the Appeals Council changes the weight of the evidence justifying a remand for consideration of that evidence.
2. Whether the ALJ could rely on vocational expert testimony that conflicts with the OOH on education and training.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 17, 2013, the application date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: rheumatoid arthritis. (AR 23-25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.)

4

The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 416.967(a), except she cannot perform overhead work with the left upper extremity, could engage in frequent gripping and fine manipulative activities, and could occasionally climb. (AR 25-31.)  In determining the above RFC, the ALJ made an adverse credibility determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 27.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 31.)  The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of lens inserter, table worker, and surveillance monitor. (AR 31-32.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 32.)

## DISCUSSION

The ALJ decision must be affirmed.  New evidence submitted to the Appeals Council after the ALJ decision does not change the outcome of this case.  The ALJ's reliance on the VE's testimony on jobs Plaintiff can perform was not erroneous.

**I.     NEW INFORMATION PRESENTED TO THE APPEALS COUNCIL DOES NOT CHANGE THE OUTCOME**

**A.     Background**

Plaintiff claims to be unable to work because of pain in her joints due to rheumatoid arthritis. (AR 28.)  The ALJ did find that she has the medically determinable severe impairment of rheumatoid arthritis. (AR 23.)  The ALJ nonetheless assessed a sedentary work RFC with no overhead work with the left upper extremity and with frequent gripping and fine manipulation and only occasional climbing. (AR 25.)  With these RFC limitations, the VE determined that Plaintiff could perform the unskilled occupations of lens inserter, table worker, and surveillance monitor. (AR 32.)

The ALJ's RFC was based on clinical signs, the treatment record, symptom evaluation, medical opinions, and evidence of Plaintiff's functioning. (AR 31.)  Clinical signs during

examinations indicated normal muscle strength in the upper and lower extremities, intact sensory exam, and no cyanosis, clubbing, or edema. (AR 28.) Physical examinations revealed normal joints and range of motion, normal sensation and motor skills, and normal gait but limited range of motion in bilateral hand joints and bilateral feet joints. (AR 28.) Ranges of motion in the right shoulder were within normal limits, but there was reduced range of motion in her left shoulder and tenderness in the right elbow. (AR 29.) There was normal range of motion in the left wrist and reduced range of motion in the right. (AR 29.) Plaintiff can walk without an assistive device. (AR 29.) Consulting orthopedist Rajeswari Kuma and two State agency physician reviewers found Plaintiff capable of at least sedentary work. (AR 29-30.) The ALJ found that Plaintiff's rheumatoid arthritis pain was stable with medication. (AR 28.) Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also found that Plaintiff was chronically non-compliant with medication. (AR 28-29.) Rheumatologist Dr. Javeed Ahmed noted that, after restarting her medication, Plaintiff's symptoms alleviated and became much better. (AR 28, 339.) An ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a treating regimen in evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ further determined that Plaintiff's daily activities were consistent with the ALJ's assessed RFC. (AR 28.) She lives with her children, does the shopping, prepares meals, does chores, and goes to church three times a week for an hour and two hours on Wednesday nights and Sundays. (AR 27-28.) Additionally, in finding Plaintiff's alleged mental impairments nonsevere, the ALJ noted that consulting psychiatrist Dr. Kent Jordan opined that Plaintiff significantly embellished the severity of psychiatric symptoms. (AR 23-25.) As a result of the above findings, the ALJ found Plaintiff's subjective symptom allegations "not entirely consistent" with the medical evidence or other evidence in the record. (AR 27.)

    Plaintiff does not challenge the ALJ's decision as of the date of the decision on September 1, 2016 . Plaintiff does not challenge the ALJ's RFC or adverse credibility determination as of the date of the ALJ's decision. Plaintiff, however, argues that remand is

warranted based on additional medical records from the Assuta Family Group presented for the first time to the Appeals Council after the ALJ decision. The additional records cover the period from April 2, 2014, to May 31, 2016, prior to the ALJ decision. (See Supplemental Administrative Record, AR 438-461.) Plaintiff contends that these records conflict with the ALJ's RFC capacity for frequent manipulation and use of the upper extremities. The Appeals Council, however, found that the additional evidence from the relevant period in issue "does not show a reasonable probability that it would change the outcome of the decision." (AR 2.) The Court agrees.

### B. Relevant Federal Law

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted , , , it will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Id. at 1162 (emphasis added); see also 42 U.S.C. § 405(g). The new evidence must be treated as part of the administrative record. Id. Remand, however, is warranted only if there is new evidence that is material; new evidence is material if it bears directly and substantially on the matter in dispute and if there is a "reasonable possibility" that the new evidence would have changed the outcome of the determination. Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir.

2001) (citing Booz v. Sec'y of Health & Human Servs, 734 F.2d 1378, 1380 (9th Cir. 1984)); see also La Cruz v. Colvin, 2016 WL 6562930, at *7 (C.D. Cal. Mar. 7, 2016).

**C.      Analysis**

The Commissioner contends that the additional medical records are not material and do not establish a reasonable possibility they would change the ALJ's decision. The Court agrees.

The additional records consist of a sprinkling of records over a two year period that are duplicative of the other evidence. These records include the same diagnosis of rheumatoid arthritis, more complaints of joint pain, additional findings of decreased range of motion, prescription of medications, and substantial non-compliance with her medications. (AR 439, 440, 443-444, 445-446, 450, 453-454.) None of this information is new but simply more of the same. It does not contradict the other evidence relied on by the ALJ in assessing Plaintiff's RFC. Most importantly, the additional records do not specify any functional limitations. There are no physician opinions on Plaintiff's limitations or RFC assessments contradicting the ALJ's RFC finding of frequent manipulation and use of the upper extremities challenged by Plaintiff. The additional records, moreover, do not undermine the ALJ's adverse credibility finding and in fact provide further confirmation of it. The "new" evidence is not material and does not establish a reasonable possibility of changing the outcome of the ALJ's decision.

The Court notes that the Appeals Council used the wrong legal standard in stating that the new evidence does not establish a "reasonable probability" of changing the outcome. (AR 2 (emphasis added).) The standard, as noted above, is a reasonable "possibility." The Commissioner also bounces back and forth between the two standards. (JS 7:4 and 7:8 with 10:16.) This Court, however, does not review the Appeals Council decision, but the ALJ decision, including the new evidence submitted. Brewes, 682 F.3d at 1161-63. As noted above, the ALJ decision, based on the record as a whole including the new evidence, is supported by substantial evidence.

Plaintiff challenges the ALJ's decision, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is

here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ decision, considering the additional records, is supported by substantial evidence and does not warrant remand.

## II. THE ALJ DID NOT ERR IN CONSIDERING THE VE'S TESTIMONY

At step five of the sequential process, the ALJ found that, considering Plaintiff's age, education, and assessed RFC, there are jobs in the national economy that Plaintiff can perform. (AR 31-32.) These jobs include lens inserter, table worker, and surveillance monitor. (AR 32.) In reaching these conclusions, the ALJ relied on the testimony of impartial VE Victoria Rei. (AR 21, 31-32.) The ALJ asked the VE if her testimony was consistent with the Dictionary of Occupational Titles ("DOT"), and she said yes. (AR 60.) There was no apparent conflict with the DOT, and Plaintiff does not contend otherwise.

Plaintiff, nevertheless, contends that the ALJ erred in relying on the VE's testimony because the Occupational Outlook Handbook ("OOH"), an alternative source of job information to the DOT, appears to require a high school diploma or its equivalent, which Plaintiff does not have. Plaintiff, therefore, asserts there is an unexplained conflict between the VE's testimony and the OOH, which requires remand to resolve. Plaintiff's contention lacks merit.

### A. Relevant Federal Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education, and work experience. 20 C.F.R. § 416-912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). The DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p ("the adjudicator has an

affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the [Dictionary of Occupational Titles]")). In order to accept vocational expert testimony that contradicts the DOT, "the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 846 (quoting Johnson, 60 F.3d at 1435). The ALJ must obtain a reasonable explanation for the variance and then must decide whether to rely on the VE or the DOT. See Pinto, 249 F.3d at 847. Failure to do so, however, can be harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts with or variation from the DOT. Massachi, 486 F.3d at 1154 n.19.

**B. Analysis**

Plaintiff relies on 20 C.F.R. § 404.1566(d), which cites the OOH as a source of which the SSA will give administrative notice. Plaintiff did not raise the OOH issue before the ALJ or the Appeals Council, but contends that the ALJ should have taken administrative notice of the OOH sua sponte to determine whether the VE's testimony is in conflict with it. Plaintiff's contention, however, has been put to rest in Shaibi v. Berryhill, 883 F.3d 1102, 1109-10 & n.6 9th Cir. 2018), and other District Court cases. Shaibi notes that, although DOT and the OOH are both listed in § 1566(d) as data sources, SSR 00-4p only requires the ALJ to reconcile conflicts sua sponte with the DOT. Id. at 1109-10 & n.6. No case, regulation or statute suggests that the ALJ must take administrative notice of the OOH sua sponte. Id. at 1109. Shaibi held that an ALJ may rely on a vocational expert's testimony on whether conflicts exist with the DOT without inquiring sua sponte as to the foundation of the expert's opinion, citing Bayliss v. Barnhart, 427 F.3d at 1211, 1218 (9th Cir. 2005) (VE's recognized expertise provides the necessary foundation for his or her testimony; no additional foundation is required). Id. at 1110. Shaibi concerned economic data (job numbers), but its holding that an ALJ need not sua sponte resolve conflicts as to sources other than the DOT is plainly applicable to educational data (education and training) requirements as well. Indeed, numerous district court cases have rejected Plaintiff's argument that the ALJ has a sua sponte duty to take administrative notice of the OOH as to education requirements. Walker v. Berryhill, 2017 WL

1097171, at *3-*4 (C.D. Cal. Mar. 23, 2017) (collecting cases); Hocking v. Berryhill, 2017 WL 6541858, at *3-*4 (C.D. Cal. Dec. 21, 2017); Palomino v. Colvin, 2015 WL 2409881, at *5-*6 (C.D. Cal. May 20, 2015).

Nor, as it turns out, is there even a conflict with the OOH. District court cases have held that OOH education levels for the jobs identified by the VE merely state that a high school diploma is "typical," not that it is required. Walker, 2017 WL 1097171, at *4; Palomino, 2015 WL 2409881, at *6 & n.4. Thus, even if there was a sua sponte obligation to inquire if there were discrepancies with the OOH, the error would be harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (an error is harmless if it is inconsequential to the ultimate nondisability determination).

Plaintiff's argument misfires for another reason. Plaintiff did not raise the potential conflict with the OOH before the ALJ or the Appeals Council. Plaintiff raised it for the first time in this Court. As Shaibi noted, a reviewing court presented with new evidence may remand for consideration of that evidence only on a showing of "good cause" under 42 U.S.C. § 405(g); Shaibi, 883 F.3d at 1109. Shaibi found that the claimant there not only failed to demonstrate good cause but provided no explanation for his failure to challenge the VE's job numbers during the hearing before the ALJ or the Appeals Council. Id. As Shaibi explains, a claimant could have inquired of the VE as to the evidentiary basis of his or her job numbers or inquired of the VE whether his or her job numbers were consistent with the OOH, then subsequently seek to file a supplemental brief to raise the issue. Id. at 1110. The Ninth Circuit held that, because of the unexplained failure to raise the OOH data before the ALJ or the Appeals Council, the issue was forfeited on appeal, at least when the claimant is represented by counsel. Id. at 1109. The same is true here. Plaintiff makes no showing of good cause and offers no explanation for failing to raise the issue sooner. Plaintiff's challenge here is forfeited as it was in Shaibi and Hocking. Shaibi, 883 F.3d at 1109; Hocking, 2017 WL 6541858, at *4.

The ALJ did not err in relying on the VE's testimony.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: October 12, 2018

　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE